UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

IN RE: WYATT & MCALISTER, PLLC                                              DEBTOR

CIVIL ACTION NO. 3:14CV2 DPJ-FKB

ORDER

This bankruptcy dispute is before the Court on Appellant Derek Wyatt's appeal of a November 7, 2013 Order of the United States Bankruptcy Court for the Southern District of Mississippi. In that Order, Bankruptcy Judge Edward Ellington ordered Wyatt to pay $31,635.00 in sanctions for his bad-faith conduct. Appellee Mary E. McAlister has responded in opposition to the appeal. The Court, having fully considered the appeal record, the parties' submissions, and the applicable law, finds that the Bankruptcy Court's Order was proper and should be affirmed.

I.     Facts and Procedural History

This appeal stems from the filing of a Chapter 7 bankruptcy petition for the law firm Wyatt & McAlister by Derek Wyatt. Derek Wyatt and Mary McAlister previously practiced law together in the firm Nutt & McAlister, PLLC. When David Nutt announced his desire to leave the practice of law, Wyatt and McAlister formed Wyatt & McAlister, PLLC on September 22, 2008.[1]

Wyatt and McAlister's working relationship deteriorated rather quickly, and on January 8, 2009, McAlister wrote Wyatt a letter, stating:

> Based on your reaction to the email I sent to you yesterday morning, and on our subsequent conversation, it has become apparent that we can no longer work together, and that it is in each of our best interests to dissolve Wyatt & McAlister,

---

[1] The firm filed a Mississippi LLC Certificate of Formation, but did not adopt a limited-liability-company agreement.

>PLLC as promptly as possible.  Accordingly, I resign my employment as an attorney with Wyatt & McAlister, PLLC, effective Friday, January 9, 2009 at 5:00 p.m.  My attorneys . . . are available to meet with you and/or your attorney at your convenience to work out a mutually agreeable voluntary dissolution of the PLLC, and a winding-up of its affairs.  I am certain that you will agree it is in each of our best interests to dissolve Wyatt & McAlister, PLLC voluntarily, rather than one or both of us seeking a judicial dissolution.  Until we can reach an agreement on dissolution, I will maintain my 50% equity interest in Wyatt & McAlister, PLLC, which includes an interest in all attorneys' fees that Wyatt and McAlister, PLLC may recover in connection with any current or future firm business.

McAlister Letter [9] at 3.  One week later, Wyatt filed an application for judicial dissolution of Wyatt & McAlister in the Chancery Court of Madison County, Mississippi.

Over the following months, disputes arose over the ownership of various assets.  In particular, Wyatt claimed that certain assets belonged to the firm, while McAlister insisted these assets were owned by Nutt & McAlister and/or other entities in which David Nutt owns interests.  *See In re Wyatt & McAlister, PLLC*, No. 09-04354EE, 2010 WL 1709920, at *1–3 (Bkrtcy. S.D. Miss. April 23, 2010).  The chancery court appointed a special master to hear the proceedings, but during its course other matters arose, including Wyatt's allegations of misconduct against McAlister.  Before the special master could resolve the dissolution issues, Wyatt filed a petition for Chapter 7 bankruptcy on behalf of Wyatt & McAlister.  *Id.* at *2.  McAlister did not consent to the filing.

McAlister immediately filed a motion to dismiss the bankruptcy petition, contending that she and Wyatt each owned a 50% interest in the firm and that Wyatt did not have authority to file a petition on behalf of the firm without her approval.  McAlister also sought monetary sanctions against Wyatt.  The Bankruptcy Court bifurcated the dismissal and sanctions issues.

2

In response to the motion to dismiss, Wyatt defended his unilateral filing of the petition by arguing that McAlister—through her resignation letter—withdrew as a member of Wyatt & McAlister.  But the Bankruptcy Court found that under the Mississippi Limited Liability Company Act, a member may withdraw from a PLLC only if the certificate of formation or the operating agreement so provides.  *See* Miss. Code § 79-29-307(3) (Rev. 2009) ("Unless the certificate of formation or limited liability company agreement provides that a member has power to do so, a member has no power to withdraw from a limited liability company.")  Wyatt & McAlister did not have an operating agreement, and the certificate of formation did not provide for the voluntary withdrawal of a member.  *See In re Wyatt & McAlister, PLLC*, 2010 WL 1709920, at *6.  Therefore, McAlister was still a member at the time the petition was filed, and her consent was necessary.[2]  *Id.*

Following dismissal, Wyatt filed a motion for a new trial or to alter or amend the final judgment, which the Bankruptcy Court denied.  Aggrieved, Wyatt appealed the dismissal order to the United States District Court for the Southern District of Mississippi, where District Judge Keith Starrett affirmed the dismissal and remanded the case for consideration of McAlister's motion for sanctions.

In a thorough, well-reasoned opinion, Bankruptcy Judge Ellington considered the three available routes to impose sanctions—Federal Rule of Bankruptcy Procedure 9011, 11 U.S.C. § 105(a), and the court's inherent power.  Appeal Record [1-3], Sanctions Order [155] at 9–21.

---

[2]  In addition, the Bankruptcy Court found that the clear intent of McAlister's letter was to resign her employment as an attorney, but maintain her status as a member of Wyatt & McAlister.  *Id.*  Alternatively, even assuming McAlister intended the resignation letter to serve as her withdrawal as a member, section 79-29-307(3) would have prevented her voluntary withdrawal.  *Id.* at 6.

The Bankruptcy Court concluded that sanctions were not appropriate under Rule 9011 (for largely procedural reasons) but that it could impose sanctions under § 105 and the court's inherent authority if Wyatt acted in bad faith. *Id*. at 17–18.

On that issue, the Bankruptcy Court gave Wyatt the benefit of the doubt with respect to the decision to file the petition without authority, concluding that he "did not knowingly raise a frivolous argument." *Id.* at 20. But the court was less charitable with Wyatt's decision to purse the issue after dismissal:

> However, after this Court entered its Dismissal Opinion on April 23, 2010, it should have been very clear to an experienced attorney like Wyatt that under Mississippi law, he did not have the legal authority to file the bankruptcy petition. As a licensed attorney with his vast experience, Wyatt was not an unsophisticated or uneducated participant in these proceedings. Wyatt knew W&M did not have an operating agreement, and he also was well aware that W&M's Certificate of Formation did not contain provisions for the voluntary withdrawal of a member. And yet, Wyatt moved this Court for a new trial and/or reconsideration of its Dismissal Opinion, and Wyatt appealed this Court's ruling in the Dismissal Opinion to the District Court. The Court finds that Wyatt continued to advance the "groundless and patently frivolous" argument that McAlister had withdrawn as a member of W&M and that he thereby had the authority to file the bankruptcy petition.

*Id.* at 20–21 (quoting *In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1274 (11th Cir. 2009)).

Significantly, the Bankruptcy Court found that Wyatt continued to defend his authority to file the petition "for the purpose of harassing McAlister and to delay or disrupt the litigation in state court." *Id.* at 21. The Bankruptcy Court pointed out that Wyatt was dissatisfied with the course of proceedings in state court and that he admitted his hope that the bankruptcy petition would "put a stop to McAlister's end-run attempt [in state court]." *Id.* at 21 (quoting Wyatt's Response [140] at 4).

In sum, the Bankruptcy Court held that Wyatt, in continuing to advance the legitimacy of the petition after dismissal, "was acting 'with a bad motive and with no meaningful thought being given to the actual purposes of chapter [7] bankruptcy.'" *Id.* at 24 (quoting *In re Yorkshire, LLC*, 540 F.3d 328, 332 (5th Cir. 2008)).  Accordingly, the Bankruptcy Court awarded sanctions equal to the amount of attorneys' fees incurred by McAlister after the April 23, 2010 Dismissal Opinion—$31,635.00.  Wyatt has now appealed the Sanctions Order to this Court.

II.     Standard of Review

This Court has jurisdiction to hear an appeal of a bankruptcy court order.  28 U.S.C. § 158.[3]  The Court reviews findings of fact under the clearly erroneous standard; conclusions of law are reviewed *de novo*.  *In re Evert*, 342 F.3d 358, 363 (5th Cir. 2003).  "'A bankruptcy court's decision to disgorge fees or impose a sanction is reviewed for abuse of discretion.'" *In re Whitley*, 737 F.3d 980, 985 (5th Cir. 2013) (quoting *In re Am. Int'l Refinery*, 676 F.3d 455, 461 (5th Cir. 2012).  "A court 'abuses its discretion if it awards sanctions based on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" *In re Lothian Oil, Inc.*, 531 F. App'x 428, 445 (5th Cir. 2013) (quoting *Conner v. Travis Cnty.*, 209 F.3d 794, 799 (5th Cir. 2000) (internal quotation marks and citation omitted)).

III.    Discussion

In his notice of appeal, Wyatt asserts a number of arguments which essentially present two issues—one of law and one of fact.  First, Wyatt questions whether the Bankruptcy Court has authority under 11 U.S.C. § 105 or its general inherent powers to sanction a party for bad-faith

---

[3]Assuming Appellant's should have first sought leave to appeal, the notice of appeal is construed as such and leave to appeal is granted.  28 U.S.C. § 158(a); Bankruptcy Rule 8003(c).

conduct. Second, Wyatt takes issue with the Bankruptcy Court's factual finding that his conduct constituted bad faith.

      A.      The Question of Law—Whether the Bankruptcy Court had Authority to Sanction

The Bankruptcy Court relied on its authority pursuant to 11 U.S.C. § 105 and its inherent authority to impose sanctions against Wyatt. Sanctions Order [155] at 17–18. Wyatt generally argues that only Rule 9011 provides a basis for sanctions, and once the Bankruptcy Court found the requirements of Rule 9011 were not met, it was without authority to impose sanctions under § 105 or its inherent authority. Wyatt offers little authority for that argument and later seems to concede that inherent authority exists if the court makes the appropriate factual findings.

Authority did exist. "When other sources of authority are not available, courts may resort to their inherent powers, as '[t]here can be little doubt that bankruptcy courts have the inherent power to sanction vexatious conduct presented before the court.'" *In re David*, 487 B.R. 843, 870 (Bkrtcy. S.D. Tex. 2013) (quoting *In re Rainbow Magazine, Inc.*, 77 F.3d 278, 284 (9th Cir. 1996) (citing § 105(a)) (noting a party may be sanctioned using § 105(a) or a court's inherent powers). And "[i]t is well-settled that a federal court, acting under its inherent authority, may impose sanctions against litigants or lawyers appearing before the court so long as the court makes a specific finding that they engaged in bad faith conduct." *In re Yorkshire, LLC*, 540 F.3d 328, 332 (5th Cir. 2008) (affirming sanctions awarded under inherent authority and declining to decide if sanctions were also appropriate under Rule 9011).

Under this precedent, the Bankruptcy Court's holding that sanctions were available under § 105 and its inherent authority was not error. Accordingly, the ultimate question is whether the

Bankruptcy Court was clearly erroneous in finding that Wyatt acted in bad faith by pursuing his argument past the initial dismissal. *See Conner*, 209 F.3d at 799.

      B.      The Question of Fact—Whether Wyatt Acted in Bad Faith

As the Bankruptcy Court acknowledged, imposing sanctions under the court's inherent power requires specific findings of bad faith, or stated differently, a finding that the "'very temple of justice has been defiled' by the party's conduct." Sanctions Order [155] at 18 (quoting *In re Yorkshire, LLC*, 540 F.3d at 332). These standards can be achieved when "an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *In re Evergreen Sec., Ltd.*, 570 F.3d at 1273–74. The Bankruptcy Court found both.

Starting with the conclusion that Wyatt pursued a frivolous argument, the Bankruptcy Court noted the plain construction of McAlister's letter and the plain reading of the applicable statutes. Wyatt countered with authority from other states, but neither the Bankruptcy Court nor the District Court found those arguments the least bit compelling.[4]

And the frivolousness finding does not stand alone; the Bankruptcy Court also found that Wyatt filed the petition to harass and delay. *See In re Evergreen Sec., Ltd.*, 570 F.3d at 1273–74 ("A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order."). Wyatt, while representing himself, stated in his Bankruptcy

---

    [4] Wyatt also insists that his argument that McAlister's "resignation" functioned as a "withdrawal" is supported by the revisions to the LLC Act in 2010. Specifically, he cites to a revision in the definitions section, which defines "withdraw" to "include retirement, resignation or withdrawal . . . ." Miss. Code Ann. § 79-29-105(bb). But these amendments were made after the relevant time period. And again, McAlister, by her letter, specifically retained her 50% equity interest in the firm, while resigning her employment as an attorney.

Court pleadings that the bankruptcy petition would "put a stop" to McAlister's legal maneuvers in state court. The Bankruptcy Court was well within its discretion to interpret this representation as an admission that Wyatt was using the petition to interfere with the state-court proceedings and thereby harass McAlister.

Judge Starrett's order bolsters that finding when he observes that Wyatt's bankruptcy petition impeded the Chancery Court's dissolution proceeding:

> The MLLCA contains procedures that must be followed in order for a PLLC to be dissolved. In fact, one of the enumerated avenues, court dissolution, was begun one week after the letter was written by McAlister and, as far as this Court can determine from the record, is still pending. A bankruptcy filed almost a year later, in addition to being improper, would impede the Chancery Court of Madison County from concluding its work. A bankruptcy filing may ultimately be necessary, but the only way it can be accomplished is by creditors filing for an involuntary petition or by the members of W&M agreeing to file.

Order on Appeal [21] at 5–6.

While the Bankruptcy Court was willing to give Wyatt a pass on the initial delay his petition caused, it was not willing to overlook the delay caused by the motion for reconsideration and appeal. The Bankruptcy Court's evaluation of these facts was sufficiently specific and well-reasoned. *See Goldin v. Bartholow*, 166 F.3d 710, 722 (5th Cir. 1999) (requiring "specific findings of bad faith"). And the Court cannot say that the findings were clearly erroneous. The decision to impose sanctions was not an abuse of discretion.

IV.   Conclusion

The Bankruptcy Court did not abuse its discretion in imposing sanctions on Derek Wyatt in the amount of $31,635.00. The Order of the Bankruptcy Court is affirmed.

**SO ORDERED AND ADJUDGED** this the 26th day of August, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE